PEDRO L. RODRÍGUEZ, tercerista y apelante, *v.* CARLOS J. TORRES, demandante y apelado, *v.* ROYCE GRIMM y THOMAS H. IVES, demandados.

Núm. 7095.—*Sometido:* Marzo 11, 1938. *Resuelto:* Noviembre 23, 1938.

*Leopoldo Feliú y Edgar S. Belaval,* abogado del apelante; *Carlos J. Torres, pro se.*

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Pedro L. Rodríguez alegó ser dueño de ciertos bienes que se decía fueron embargados en un recurso en que él no era parte. Al presentar su reclamación describió los bienes tal cual habían sido descritos en la notificación de embargo entregada a los demandados en el pleito principal. Al prestar la fianza por el doble del valor de los bienes descritos en la notificación de embargo, Rodríguez recibió del depositario de los mismos tan sólo parte de la propiedad embargada especificada en dicha notificación. Sobre este hecho se llamó la atención de la corte de distrito en una moción de reconsideración y modificación de la sentencia en que se requería de Rodríguez y sus fiadores que pagaran el valor de los bienes descritos en la notificación de embargo, con intereses al 6% a partir de la fecha de la fianza, más las costas, a condición de que si el tercerista devolvía la propiedad dentro del tér-

mino de diez días en el mismo buen estado en que la recibió y pagaba por el uso de ella, más los daños y costas, la entrega y pago equivaldría al cumplimiento de la sentencia. El juez de distrito declaró sin lugar la moción del tercerista fundado en que éste, en una declaración jurada presentada al momento de radicar su reclamación, describió en detalle los bienes reclamados por él y que se decía habían sido embargados (incluyendo aquéllos que en su moción alegaba nunca le habían sido entregados), había admitido el embargo de todos dichos bienes y prestado una fianza por el doble del valor de los mismos para responder de la devolución de éstos. La corte inferior también mencionó el hecho de que Rodríguez no había unido a su moción ninguna prueba documental para demostrar exactamente qué bienes le habían sido entregados ni había ofrecido devolver los bienes así entregádosle, sino que meramente solicitaba que la sentencia se redujera a una cantidad que fuera igual al valor de los bienes materialmente recibidos por él.

El tercerista explicó en su moción que había presentado su reclamación por todos los bienes descritos en la notificación de embargo y no incluídos en una venta anterior hecha por él de parte de los bienes así descritos, porque él había visto la notificación de embargo y ésta contenía la única información de que tenía conocimiento sobre los bienes embargados. Esto, a nuestro juicio, explicaba suficientemente por qué el tercerista dejó de incluir en su reclamación tan sólo los bienes realmente entregádosle luego de presentarse tal reclamación y después de prestar una fianza por el doble del valor de los bienes especificados en la notificación de embargo. El tercerista, desde luego, debió haber explicado en su moción por qué antes de dictarse sentencia no había llamado la atención de la corte de distrito hacia el hecho de que no había recibido todos los bienes reclamados por él y descritos en la notificación como embargados y por qué antes de dictarse sentencia no había solicitado una retasación de los bienes materialmente embargados o entregá-

dosle.  Sin embargo, esta omisión, sin más, apenas bastaba para justificar la negativa del juez de distrito a modificar la sentencia.  El tercerista hizo constar en su moción que estaba dispuesto a pagar el valor razonable de los bienes que en realidad se le entregaron así como que el demandante en el pleito principal se había negado a aceptar tal cantidad.

Durante el juicio en la corte de distrito el tercerista ofreció prueba documental que probablemente indicaba la suma pagada por él por algunos de los bienes descritos en la notificación de embargo e incluídos en la tasación hecha por el márshal, mas no entregados al tercerista.  Esta evidencia parece haber desaparecido después del juicio celebrado en la corte de distrito.  La descripción de los mismos aprobada por el juez de la corte inferior no demuestra el valor de los distintos artículos.  Nada hay que revele que posteriormente el tercerista presentara prueba en apoyo de su moción.  Toda vez que el tercerista tenía derecho a alguna rebaja y al presentar la debida prueba hubiera tenido derecho a una rebaja sustancial, y puesto que no estamos en posición de determinar la cuantía de tal rebaja, nuestra única alternativa es devolver el caso para una nueva vista sobre este aspecto de la moción.

No hallamos manifiesto error en la apreciación de la prueba ni por ende base satisfactoria alguna para la revocación de la sentencia en su totalidad, ni hallamos abuso alguno de discreción en la imposición de las costas.  A no ser por la dificultad indicada en el párrafo anterior, la sentencia hubiera sido modificada, y así modificada, confirmada.

*La resolución de la corte de distrito declarando sin lugar la moción del tercerista solicitando la reconsideración y modificación de la sentencia apelada debe ser revocada y devuelto el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

Los Jueces Sres. Presidente Del Toro y Asociado De Jesús, no intervinieron.